UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DANIEL D. SEASE,

    Petitioner,

    v.                                                     Case No. 23-CV-1388-SCD

NICHOLAS REDEKER,[1]
   *Superintendent, John C. Burke Correctional Center,*

    Respondent.

## DECISION AND ORDER

    Daniel Sease challenges his 2015 Wisconsin convictions for misdemeanor battery and two counts of strangulation and suffocation, all as a habitual criminal. After he was convicted following a jury trial and received the maximum sentence, Sease sought post-conviction relief, arguing that the State added one of the strangulation charges as retribution for Sease obtaining plea withdrawal in an earlier case that was based on the exact same conduct. Sease also argued that the State failed to prove the habitual criminality penalty enhancers at sentencing. The state circuit court denied the motion, the court of appeals affirmed, and the supreme court denied review.

    Sease has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his state conviction. He asserts two potential grounds for relief: (1) that the State retaliated against him after he withdrew his plea; and (2) that the State

---

[1] In March 2024, Sease informed the court that he had been transferred to the John C. Burke Correctional Center. *See* ECF No. 12. Accordingly, the clerk of court shall substitute Nicholas Redeker, the superintendent of that institution, for Cheryl Eplett as the named respondent in this action. *See* Fed. R. Civ. P. 25(d); *see also* Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

failed to prove the penalty enhancers beyond a reasonable doubt. Sease is not entitled to federal habeas relief on either claim. He did not fairly present the penalty enhancers claim to the state supreme court, he has not shown an excuse for that default, and he has not demonstrated the state court's decision denying his claims was objectively unreasonable. Accordingly, I will deny his petition and dismiss this action.

## BACKGROUND

In 2011, the State of Wisconsin charged Daniel Sease with second-degree sexual assault, aggravated battery, and strangulation and suffocation, all as a repeat offender. *See* Respt's Answer Ex. 3, ¶ 2, ECF No. 10-3. Sease entered into a plea agreement with the State and pled guilty to the battery and strangulation charges, both as a habitual criminal. Ex. 3, ¶ 2. He was sentenced to twenty-two years of initial confinement and nine years of extended supervision. Ex. 3, ¶ 19. Sease later changed his mind, and the circuit court allowed him to withdraw his plea. Ex. 3, ¶ 2. In the meantime, the prosecutor who originally charged the case left the district attorney's office, and new prosecutors took over. Ex. 3, ¶ 12. Although the new prosecutors believed the case had been "grossly and incorrectly charged," they made Sease another plea offer: if Sease pled guilty to the second-degree sexual assault charge without the habitual criminality penalty enhancer, the State would move to dismiss the battery charge outright and move to dismiss and read in the strangulation charge, with the parties free to argue at sentencing. Ex. 3, ¶¶ 13–14. The new offer was worse than the offer Sease previously accepted, as it exposed him to more time in prison and on extended supervision. Ex. 3, ¶ 17. Despite being warned that the State may add other charges if he rejected the offer, Sease didn't take the deal. Ex. 3, ¶¶ 13–15.

In April 2015, the State issued a new complaint based on the exact same facts as the 2011 complaint. Ex. 3, ¶ 3. The new complaint reduced the severity of the battery charge from a felony to a misdemeanor, added two kidnapping charges, and split the strangulation charge into two separate counts; the sexual assault charge remained the same. Each charge contained a habitual criminality penalty enhancer under section 939.62 of the Wisconsin statutes, which increases the maximum term of imprisonment for criminals with a qualifying prior conviction. *See* Respt's Answer Ex. 2, at 7, ECF No. 10-2. A week later, the trial court granted the State's motion to dismiss the 2011 case. Sease ultimately was convicted at trial of the two strangulation charges and the battery charge. He received a total sentence of twenty-two years—the maximum penalty allowed. Pet. 2, ECF No. 1. *See* Ex. 2, at 7–8; Ex. 3, ¶ 4; Respt's Answer Ex. 1, ECF No. 10-1.

Sease sought post-conviction relief, arguing that the State violated his due process rights when it vindictively added the new charges, that his trial lawyer provided ineffective assistance of counsel by not challenging the vindictive prosecution, and that the habitual criminality penalty enhancers were unlawfully applied to his convictions. *See* Ex. 3, ¶ 5. The circuit court denied the motion, *see* Respt's Answer Ex. 5, ECF No. 10-5, and Sease appealed, *see* Ex. 2. The Wisconsin Court of Appeals affirmed the judgment of conviction and the order denying post-conviction relief. *See* Ex. 3.[2] The court rejected Sease's vindictive prosecution and ineffective assistance claims, finding that the State had rebutted any presumption of vindictiveness and that the record did not contain any objective evidence of actual vindictiveness. *See* Ex. 3, ¶¶ 6–20. The court also rejected Sease's penalty enhancers claim,

---

[2] *State v. Sease*, No. 2021AP1477-CR, 2023 WL 1999147, 2023 Wisc. App. LEXIS 163 (Wis. Ct. App. Feb. 15, 2023) (per curiam).

finding that Sease had stipulated to the existence of a prior qualifying conviction during the first day of trial. *See* Ex. 3, ¶¶ 21–28.

Sease petitioned for review by the Wisconsin Supreme Court. *See* Respt's Answer Ex. 4, ECF No. 10-4. The petition for review presented two issues: (1) "Did the court of appeals improperly interpret the United States Supreme Court's decision in *Blackledge v. Perry* and [the state supreme court's] decision in *State v. Williams* when it denied relief based upon vindictive prosecution for a charge added after Sease successfully obtained postconviction relief?"; and (2) "Did the court of appeals improperly interpret [the state supreme court's] decision in *State v. Bonds* and Wis. Stat. § 939.62 when it declined to vacate the repeater enhancers?" Ex. 4, at 1–17. As to the second issue, Sease said that controlling state case law "requires a defendant's admission provide specific information to satisfy due process when no official document is filed to prove the prior conviction." Ex. 4, at 15. Sease noted that "[t]he Due Process Clause requires that a defendant have sufficient notice of potential maximum penalties" and that "[t]he Wisconsin State Legislature defined the requirements of proper notice in Wisconsin Statute § 939.62." Ex. 4, at 15. Sease argued that the court of appeals ignored those statutory requirements and that its decision was contrary to several state supreme court cases. Ex. 4, at 15–16. In May 2023, the Wisconsin Supreme Court denied Sease's petition for review. *See* Ex. 4, at 23.[3]

A few months later, Sease applied for habeas relief in federal district court. *See* Pet.; Petr's Mem., ECF No. 2. The matter was randomly assigned to me, and all parties consented to magistrate-judge jurisdiction under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b). *See* ECF Nos. 5, 8. After the respondent filed an answer, *see* ECF No. 10, Sease (who is proceeding

---

[3] *State v. Sease*, No. 2021AP1477-CR, 2023 WL 8132186, 2023 Wisc. LEXIS 283 (Wis. May 24, 2023).

without the assistance of counsel) filed a brief in support of his petition, *see* ECF No. 17; the respondent filed a brief opposing the petition, *see* ECF No. 18; and Sease submitted a reply brief, *see* ECF No. 19.

## STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs Sease's petition. Under AEDPA, a prisoner in custody pursuant to a state-court judgment of conviction is entitled to federal habeas relief only if he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). With respect to claims adjudicated on the merits in state court, a federal court can grant an application for a writ of habeas corpus "only if the state court's decision was contrary to clearly established Supreme Court precedent, involved an unreasonable application of such precedent, or was based on an unreasonable determination of the facts in light of the evidence presented in state court." *Promotor v. Pollard*, 628 F.3d 878, 888 (7th Cir. 2010) (citing 28 U.S.C. § 2254(d)); *see also White v. Woodall*, 572 U.S. 415, 419–20 (2014).

"A legal principle is 'clearly established' within the meaning of [28 U.S.C. § 2254(d)(1)] only when it is embodied in a holding of [the United States Supreme] Court." *Thaler v. Haynes*, 559 U.S. 43, 47 (2010) (citing *Carey v. Musladin*, 549 U.S. 70, 74 (2006); *Williams v. Taylor*, 529 U.S. 362, 412 (2000)). A state-court decision is "contrary to" clearly established federal law if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 412–13 (opinion of O'Connor, J.). Similarly, a state-court decision results in an "unreasonable application" of

5

clearly established federal law when that court "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Id.* at 407–08.

A writ of habeas corpus may not issue under the "unreasonable application" clause "simply because the federal court concludes that the state court erred. Rather, the applicant must demonstrate that the state court applied the Supreme Court's precedent in an objectively unreasonable manner." *Kubsch v. Neal*, 838 F.3d 845, 859 (7th Cir. 2016) (citing *Woodford v. Visciotti*, 537 U.S. 19, 24–25 (2002)). Thus, the petitioner "must show that the state court's ruling . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." *Id.* (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)).

"[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 558 U.S. 290, 301 (2010) (citing *Williams*, 529 U.S. at 411). For purposes of federal habeas review, state-court factual determinations are entitled to "substantial deference." *Brumfield v. Cain*, 576 U.S. 305, 313–14 (2015). To obtain relief under 28 U.S.C. § 2254(d)(2), a petitioner must demonstrate that the state-court decision "rests upon fact-finding that ignores the clear and convincing weight of the evidence." *McManus v. Neal*, 779 F.3d 634, 649 (7th Cir. 2015) (quoting *Goudy v. Basinger*, 604 F.3d 394, 399 (7th Cir. 2010)); *see also* 28 U.S.C. § 2254(e)(1). "The decision must be 'so inadequately supported by the record as to be arbitrary and therefore objectively unreasonable.'" *Alston v. Smith*, 840 F.3d 363, 370 (7th Cir. 2016) (quoting *Ward v. Sternes*, 334 F.3d 696, 704 (7th Cir. 2003)).

When applying the above standards, federal courts look to "the 'last reasoned state-court decision' to decide the merits of the case, even if the state's supreme court then denied

discretionary review." *Dassey v. Dittmann*, 877 F.3d 297, 302 (7th Cir. 2017) (quoting *Johnson v. Williams,* 568 U.S. 289, 297 n.1 (2013)).

## DISCUSSION

Sease raises two potential grounds for relief in his petition. First, he claims that the State violated his right to due process when it retaliated against him after he withdrew his guilty plea. Pet. 6–7. Second, he claims that the State failed to prove the habitual criminality sentence enhancers beyond a reasonable doubt. Pet. 7.

**I.     Sease Is Not Entitled to Federal Habeas Relief on His Vindictive Prosecution Claim**

"Due process prohibits vindictiveness against a defendant for having exerted his constitutional rights." *United States v. Nichols*, 937 F.2d 1257, 1261 (7th Cir. 1991) (citing *North Carolina v. Pearce*, 395 U.S. 711, 725 (1969)). To establish a claim for prosecutorial vindictiveness, a criminal defendant must show either "actual vindictiveness" or a "realistic likelihood of vindictiveness." *See United States v. Ribota*, 792 F.3d 837, 840 (7th Cir. 2015) (citing *United States v. Goodwin*, 457 U.S. 368, 370–75 (1982)); *Williams v. Bartow*, 481 F.3d 492, 502 (7th Cir. 2007) (citing *Blackledge v. Perry*, 417 U.S. 21, 25–29 (1974) and *Thigpen v. Roberts*, 468 U.S. 27, 30–33 (1984)). Actual vindictiveness claims require the defendant to present "objective evidence that a prosecutor acted in order to punish the defendant for standing on his legal rights." *United States v. Whaley*, 830 F.2d 1469, 1479 (7th Cir. 1987) (citing *Goodwin*, 457 U.S. at 380–81, 384). "Examples of actual vindictiveness are where the prosecutor has a personal stake in the case or seeks 'self-vindication.'" *Nichols*, 937 F.2d at 1261 (citing *Whaley*, 830 F.2d at 1479–80).

The United States Supreme Court has recognized a rebuttable presumption of vindictiveness in a small set of cases where there's "a realistic likelihood of vindictiveness."

*Thigpen*, 468 U.S. at 30 (quoting *Blackledge*, 417 U.S. at 27); *id.* at 32 n.6 (citing *Goodwin*, 457 U.S. at 376 n.8; *Blackledge*, 417 U.S. at 29 n.7); *see also Pearce*, 395 U.S. at 724–25. For instance, the presumption applies "where a defendant successfully exercised his right to appeal, and the prosecutor on retrial of the same conduct sought more severe charges and punishment." *Ribota*, 792 F.3d at 840 (citing *Goodwin*, 457 U.S. at 375–77; *Williams*, 481 F.3d at 502). "When that happens, the burden shifts to the government to prove a proper motive." *United States v. Baldwin*, 68 F.4th 1070, 1073 (7th Cir. 2023) (citing *Ribota*, 792 F.3d at 840).

Sease has not demonstrated that he's entitled to federal habeas relief on his vindictive prosecution claim. The Wisconsin Court of Appeals noted that criminal defendants can establish a claim of prosecutorial vindictiveness by showing either actual vindictiveness or a realistic likelihood of vindictiveness, which raises a rebuttable presumption of vindictiveness. Ex. 3, ¶¶ 7–10. As support, the court cited state cases that relied on *Blackledge*, *Thigpen*, and *Goodwin*. The court also explicitly referenced *Blackledge* and *Thigpen* later in its decision. *See* Ex. 3, ¶¶ 9, 16. Sease believes that the court of appeals' decision directly conflicts with those three Supreme Court cases. However, each one is materially distinguishable from our case. *Goodwin* wasn't even a presumption case. The Court held that a presumption of vindictiveness is not warranted when a prosecutor adds a felony charge after a defendant rejects a plea offer and exercises his constitutional right to a jury trial and that the record did not establish actual vindictiveness. *See Goodwin*, 457 U.S. at 380–84. The Court did find the presumption of vindictiveness applied in *Blackledge* and *Thigpen*, cases involving prosecutors who added charges after the defendants exercised their right to an appeal. *See Blackledge*, 417 U.S. at 24–29; *Thigpen*, 468 U.S. at 30–32. But, unlike our case, the government in those cases didn't present any evidence of a proper motive. *See Blackledge*, 417 U.S. at 29 n.7; *Thigpen*, 468 U.S.

at 32 n.6. Thus, the state appellate court's decision is not contrary to clearly established Federal law.

The Wisconsin Court of Appeals also reasonably applied that law to the facts of Sease's case. The court first determined that, to the extent the case presented a realistic likelihood of vindictiveness, the State rebutted the presumption that it added the new charges to punish Sease for exercising his post-conviction rights. *See* Ex. 3, ¶¶ 11–19. The court noted that the prosecutor who originally charged the case left the district attorney's office prior to Sease withdrawing his guilty plea. The court also noted that, although the prosecutors who took over the case thought it had been grossly and incorrectly charged, the State made a new plea offer based on the original charges and warned that additional charges may be added if it wasn't accepted. Sease rejected the offer, and as expected, the State added several new charges.[4] The prosecutors explained that the new strangulation charge was added not to punish Sease, but to reflect that there were two distinct incidents—first at the victim's residence and later at a motel. Thus, the new charge was added to avoid any potential jury-unanimity issue and was consistent with the facts. The prosecutors also explained that the goal was to secure a conviction on the sexual assault charge and obtain an outcome at least equal to what occurred prior to the plea withdrawal.

Sease contends that the Wisconsin Court of Appeals unreasonably applied *Blackledge* and *Thigpen*, but his arguments are not persuasive. Relying on *Thigpen*, Sease insists that a change in prosecutors is not enough to rebut the presumption of vindictiveness. The court of appeals, however, observed that the presence of different prosecutors did not insulate the State's actions. *See* Ex. 3, ¶ 16. The court reasonably determined that the record demonstrated

---

[4] The court reasonably concluded that the added kidnapping charges were effectively moot, as Sease had been acquitted of both charges. *See* Ex. 3, ¶ 6 n.3. The State also reduced the severity of the battery charge.

9

that the prosecutors did not have a retaliatory motive for adding the strangulation charge, as they first made a plea offer that adhered to the original charges, despite believing those charges insufficient. It wasn't until after Sease rejected that offer—knowing additional charges may be coming—that the strangulation charge was added. And the court correctly determined that carrying out a threat to add more serious charges if the defendant rejects a plea offer does not violate the Due Process Clause. *See Bordenkircher v. Hayes*, 434 U.S. 357, 365 (1978). Sease points out that the new offer was worse than the one he had previously accepted. But the court noted it was unclear whether vindictive prosecution law applied under those circumstances and reasonably determined that, if it did, the State rebutted the presumption by explaining it wanted to remain faithful to the original charges while holding Sease accountable for his serious misconduct. *See* Ex. 3, ¶¶ 17–19. (Recall that Sease had been sentenced at or near the maximum the first time around.) Sease also seems to think that only new evidence will suffice to justify new charges. However, the lack of new evidence simply establishes a rebuttable presumption of vindictiveness. The court of appeals' finding that the presumption had been rebutted is not objectively unreasonable.

The court of appeals also reasonably determined that the record contained no objective evidence of actual vindictiveness. When asked at the initial appearance on the new charges why the State added kidnapping charges despite the facts not changing, the prosecutor said, "[T]his was a case that was resolved and then became unresolved." Ex. 2, at 10. In state court, Sease argued that statement was an admission that the State "upped the ante" because Sease had obtained post-conviction relief. The court of appeals reasonably rejected that argument, noting that the prosecutor who made that statement was simply filing in for the prosecutors who brought the new charges. *See* Ex. 3, ¶ 20. The court noted the fill-in prosecutor later told

10

the court he couldn't explain the new charging decision. The court also noted that the record contained no other evidence suggesting that the State sought to punish Sease for enforcing his rights. Sease does not challenge that factual finding here. Nor does he challenge any of the court's other factual findings concerning the alleged prosecutorial vindictiveness. *See* § 2254(d)(2).

Accordingly, Sease is not entitled to habeas relief on his vindictive prosecution claim.

## II. Sease Is Not Entitled to Federal Habeas Relief on His Penalty Enhancers Claim

The respondent argues that Sease procedurally defaulted his penalty enhancers claim by not fairly presenting it in his petition for review by the Wisconsin Supreme Court. "Before seeking relief in federal court, a habeas petitioner must first give the State the opportunity to address and correct any alleged violation of his federal rights." *Brown v. Eplett*, 48 F.4th 543, 552 (7th Cir. 2022); *see also* 28 U.S.C. § 2254(b), (c). This means that the petitioner "must fairly present his federal claim through one complete round of review in state court, 'thereby alerting that court to the federal nature of the claim.'" *Id.* (quoting *Baldwin v. Reese*, 541 U.S. 27, 29 (2004)). "To satisfy that requirement, he must present both the operative facts and the legal principles that control each claim to the state judiciary." *Wilson v. Briley*, 243 F.3d 325, 327 (7th Cir. 2001) (citing *Rodriguez v. Scillia*, 193 F.3d 913, 916 (7th Cir. 1999); *Bocian v. Godinez*, 101 F.3d 465, 469 (7th Cir. 1996)).

"Fair presentment . . . does not require a hypertechnical congruence between the claims made in the federal and state courts; it merely requires that the factual and legal substance remain the same." *Anderson v. Benik*, 471 F.3d 811, 814–15 (7th Cir. 2006) (citing *Boyko v. Parke,* 259 F.3d 781, 788 (7th Cir. 2001)). "In the absence of a state rule that

11

specifically governs the presentment of a constitutional claim," courts consider four factors when assessing whether a habeas petitioner fairly presented his federal claim in state court:

> (1) whether the petitioner relied on federal cases that engage in constitutional analysis; (2) whether the petitioner relied on state cases which apply a constitutional analysis to similar facts; (3) whether the petitioner framed the claim in terms so particular as to call to mind a specific constitutional right; and (4) whether the petitioner alleged a pattern of facts that is well within the mainstream of constitutional litigation.

*Wilson*, 243 F.3d at 327 (citing *United States ex rel. Sullivan v. Fairman*, 731 F.2d 450, 454 (7th Cir. 1984)). "If none of the four factors is present and the state has not otherwise signaled its satisfaction with the presentment of the federal claim, then this court will not consider the state courts to have had a fair opportunity to consider the claim." *Id.* at 327–28 (quoting *Moleterno v. Nelson*, 114 F.3d 629, 634 (7th Cir. 1997)).

None of the four factors is present here. In his petition for review, Sease framed his penalty enhancers claim as whether the Wisconsin Court of Appeals improperly interpreted state supreme court case law and a state statute when it declined to vacate the repeater enhancers. *See* Ex. 4, at 4. He cited only two cases in support of that argument: *State v. Bonds*, 2006 WI 83, 717 N.W.2d 133 and *State v. Saunders*, 649 N.W.2d 263 (Wis. 2002). *See* Ex. 4, at 15–16. Both cases focus primarily on the proof needed to establish habitual criminality under sections 939.62 and 973.12 of the Wisconsin statutes. In *Saunders*, the Wisconsin Supreme Court noted that a defendant is subject to an enhanced penalty for habitual criminality only if he personally admits to a qualifying prior conviction or the State proves the existence of a qualifying prior conviction beyond a reasonable doubt. *Saunders*, 649 N.W.2d at 269, 276 (citing Wis. Stat. § 973.12(1)). The court further noted than an admission under section 973.12(1) cannot be inferred or made by a defendant's attorney and "must contain specific reference to the date of the conviction and any period of incarceration if relevant to applying

§ 939.62." *Id.* at 270 (citing *State v. Zimmerman*, 518 N.W.2d 303, 305–06 (Wis. Ct. App. 1994)). Ultimately, the court determined that "[a]n uncertified copy of a prior judgment of conviction may be used by the state to meet its burden of proving a convicted defendant's status as a habitual criminal under Wis. Stat. § 939.62." *Id.* at 270–80. In *Bonds*, the Wisconsin Supreme Court held that the State cannot meet its burden under section 973.12(1) to prove a prior conviction beyond a reasonable doubt by relying solely on an automated criminal case report. *See Bonds*, 717 N.W.2d at 146–50. *Saunders* and *Bonds* did not apply a constitutional analysis to facts similar to the ones presented in Sease's petition.

Likewise, Sease did not frame his penalty enhancers claim in terms so particular as to call to mind his right to due process or allege a pattern of facts that is well within the mainstream of due process litigation. He argued that the State did not sufficiently prove his prior conviction(s) under *state* law, as it did not rely on an official document and his alleged admission did not specifically reference the date of the conviction or any periods of incarceration. *See* Ex. 4, at 15–16. Sease also argued that the sentencing court violated *state* law when it relied on evidence from the dismissed 2011 case. In his argument heading, Sease suggested that specific information concerning his prior conviction was necessary to satisfy due process, but he never invoked federal law or expanded on that point; his focus was state law. Thus, Sease's reference to due process was insufficient. *See Chambers v. McCaughtry*, 264 F.3d 732, 738 (7th Cir. 2001) ("A mere 'passing reference' to a constitutional issue certainly does not suffice.") (quoting *Fortini v. Murphy*, 257 F.3d 39, 44 (1st Cir. 2001)).[5]

---

[5] It also bears worth mentioning that the State relied solely on state law to rebut Sease's arguments, *see* Ex. 4, at 18–22, and that the Wisconsin Court of Appeals addressed the penalty enhancer claim under state law, not the Due Process Clause, *see* Ex. 3, ¶¶ 21–28.

13

Because Sease failed to fairly present his penalty enhancers claim as a constitutional claim in his state petition for review, and because the opportunity to raise that claim appears to have lapsed, I am precluded from reviewing the merits of ground two unless Sease can show both cause for and prejudice from the default or can demonstrate that the court's failure to consider the claim would result in a fundamental miscarriage of justice. *See Lieberman v. Thomas*, 505 F.3d 665, 669–70 (7th Cir. 2007) (citing *Conner v. McBride*, 375 F.3d 643, 648 (7th Cir. 2004); *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004)); *see also Bolton v. Akpore*, 730 F.3d 685, 696 (7th Cir. 2013) (citations omitted). Sease insists that he did fairly present his penalty enhancers claim to the state supreme court and, thus, he does not attempt to overcome his default. Moreover, an independent review shows that nothing presented in his briefs would satisfy that standard.

The respondent also argues that, even if Sease had not procedurally defaulted his penalty enhancers claim, he still would not be entitled to federal habeas relief. Like his state petition for review, Sease's federal habeas briefs rely almost exclusively on state law. *See* Petr's Mem. 7–10; Petr's Br. 26–30. Indeed, his brief reads as if he is still in state court: he asks this court to "grant review," he recites the standard of review applicable in Wisconsin's courts, and he cites only state cases. *See* Petr's Br. 4, 18–19, 26–30.

Sease does make passing references to due process, arguing that he did not receive adequate notice of the penalty enhancers and that the State failed to prove his prior conviction beyond a reasonable doubt. *See* Petr's Mem. 7. The record, however, conclusively shows that he received sufficient notice: the 2015 complaint explicitly referred to the penalty enhancers and the relevant state statute, *see* Ex. 2, at 7, and the parties discussed the repeater allegations at the outset of trial, *see* Ex. 3, ¶ 22. Moreover, the Wisconsin Court of Appeals held that

14

Sease personally admitted to a qualifying prior conviction during that trial discussion. *See* Ex. 3, ¶¶ 22–28. Sease's trial attorney stipulated that Sease met the requirements for habitual criminality, and Sease confirmed that he understood the State wouldn't be required to prove that he was a repeater under Wisconsin law at trial *or before sentencing*. The court of appeals also noted that Sease had previously pled guilty to the penalty enhancers and that his plea withdrawal was not based on any misunderstanding about his prior conviction or his status as a habitual criminal. Sease argues in his briefs that his alleged admission was insufficient under state law, but he never explains why the admission failed to satisfy federal due process. Sease therefore has not demonstrated that he's in custody in violation of the Constitution.

Accordingly, Sease is not entitled to habeas relief on his penalty enhancers claim.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Where a district court denies a habeas petition on procedural grounds, the petitioner must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000) (emphasis added). Here, no reasonable jurist would find it debatable whether Sease procedurally defaulted his penalty enhancers claim. And no reasonable jurist would find it debatable whether Sease's constitutional rights were violated concerning either his vindictive prosecution claim or his penalty enhancers claim. I will therefore deny a certificate of appealability.

15

## CONCLUSION

In sum, Sease has not demonstrated that he is entitled to federal habeas relief on his vindictive prosecution claim, and federal merits review is foreclosed of Sease's penalty enhancers claim. Accordingly, for all the foregoing reasons, the court **DENIES** the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 by a person in state custody, ECF No. 1; and **DISMISSES** this action. The court also **DENIES** the petitioner a certificate of appealability. The clerk of court shall enter judgment denying the petition and dismissing this action.

**SO ORDERED** this 21st day of November, 2024.

_____
STEPHEN C. DRIES
United States Magistrate Judge